# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2069

_____

Audio Odyssey, Ltd., an Iowa       *
Corporation; Dogan A. Dincer;      *
Ann M. Dincer,                     *
                                   *
            Appellants,            *    Appeal from the United States
                                   *    District Court for the
      v.                           *    Southern District of Iowa.
                                   *
United States of America; Small    *
Business Administration,           *
                                   *
            Appellees.             *

_____

Submitted: October 23, 2003
Filed: July 1, 2004

_____

Before LOKEN, Chief Judge, LAY, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

This case, which has been before us previously, see Audio Odyssey, Ltd. v. United States, 255 F.3d 512 (8th Cir. 2001), revolves around a loan that was made by Brenton First National Bank (the Bank) to Audio Odyssey, Ltd. (Odyssey), a retail electronics store owned by Dogan A. Dincer and Ann M. Dincer. The loan, which was secured by, among other things, Odyssey's inventory, was guaranteed by the Small Business Administration (the SBA) pursuant to a Loan Guaranty entered into by the SBA and the Bank in 1978. The Bank, believing Odyssey to be in default of

its obligation to make timely repayment of the loan, filed a writ of replevin and seized Odyssey's inventory. Odyssey and the Dincers then brought this action against the United States and the SBA. The District Court,[1] on motions for dismissal and summary judgment, dismissed all of plaintiffs' claims. Plaintiffs appeal.

Specifically, the District Court ruled that the individual plaintiffs, Dogan and Ann Dincer, as distinguished from Odyssey, lack standing to assert claims against the SBA. Accordingly, the court granted defendants' motion to dismiss the claims of Dogan and Ann Dincer for lack of jurisdiction. In addition, the court held that Odyssey cannot recover damages as a third-party beneficiary of the 1978 Loan Guaranty between the SBA and the Bank, inasmuch as the provision of the Loan Guaranty alleged to have been breached did not impose a duty on the SBA to provide written consent before the Bank could take action to enforce its rights as a lender to Odyssey; the Bank had waived its right to require written consent; and Odyssey, having been unaware of the written-consent provision, could not and did not claim detrimental reliance. Consequently, the District Court ruled that Odyssey had not stated a contract claim on which relief may be granted, and dismissed the claim.

Plaintiffs attack these rulings in a variety of ways. Having carefully considered all of their arguments, we affirm the District Court's dismissal of the Dincers' claims for lack of standing and the dismissal of Odyssey's contract claim for failure to state a claim on which relief may be granted. We do so on the basis of the District Court's thorough and well-reasoned opinion. See 8th Cir. R. 47B.

The District Court also determined that, with respect to Odyssey's negligence claims against the SBA, the relief sought (damages) is unavailable as a matter of law under the Iowa economic-loss doctrine. The court therefore dismissed the negligence

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

claim for failure to state a claim upon which relief may be granted. Having reviewed this question of state law de novo, we sustain the court's holding, with a brief discussion.

Under the Federal Tort Claims Act, the government cedes its sovereign immunity to the extent that it will allow itself to be sued "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (2000). Thus, when a private party asserts a tort claim against the United States, the United States, subject to certain exceptions not here in play, may be held liable to the same extent as if it were an ordinary tortfeasor under state law. The District Court ruled that Iowa law does not provide a remedy in tort for Odyssey. After de novo review of this question of state law, we are persuaded that the District Court's ruling is correct.

Iowa has adopted the economic-loss doctrine with respect to cases of alleged negligence. The doctrine simply states that "purely economic or business losses" are not recoverable under negligence theories. Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp., 345 N.W.2d 124, 126 (Iowa 1984). The Iowa Supreme Court has defined a "purely economic loss" as a loss not related to physical harm. Id. at 128, see also Nelson v. Todd's Ltd., 426 N.W.2d 120, 123–25 (Iowa 1988). Odyssey contends that because its inventory was seized and never returned, the loss was in fact based on physical harm and the economic-loss doctrine does not apply. The District Court disagreed with that contention, and so do we. No physical harm has been alleged other than Odyssey's having been deprived of its inventory. Odyssey has not directed our attention to any decision based on Iowa law that stands for the proposition that seizure of an inventory, with resulting economic loss, is a physical harm, and we have found no such decision.[2] Though physical harm is not the sole

---

[2]We note that the present case is distinguishable from Manning v. International Harvester Co., 381 N.W.2d 376, 378–79 (Iowa App. 1985), where the Iowa Court of

factor considered in determining whether the economic-loss doctrine bars recovery, see Nelson, 426 N.W.2d at 123-25, it remains essential if there is to be a remedy under Iowa law in negligence. Because Odyssey (and its property) suffered no physical harm, the negligence claims in this case were properly dismissed.

We have considered all of the issues and arguments plaintiffs have raised. Having done so, we conclude that none of them has merit.

The judgment of the District Court is affirmed.

_____

_____

Appeals treated actual damage to a crop resulting from the placement of the wrong seed drum in a planter as property damage, not as pure economic loss that would not be recoverable in a tort action. In contrast, Odyssey does not contend there was an actual physical harm to its inventory, but merely contends that the seizure of the inventory was ipso facto a physical harm.